IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAMAINE FRANCIS-LUSTER and TERENA HODGE on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>KELLY LAW FIRM, P.C.,<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Tramaine Francis-Luster ("Francis-Luster") and Terena Hodge ("Hodge"), on behalf of themselves and on behalf of all others similarly situated ("Plaintiffs"), by and through counsel, brings this action for damages and other legal and equitable relief from Defendant's violations of the laws requiring payment of overtime compensation, respectfully stating the following as her claims against the Kelley Law Firm, P.C. ("Defendant").

**JURISDICTION**

1.  This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 United States Code, §§ 1331 and under 29 United States Code, §206 *et seq.*, this action being brought under the Fair Labor Standards Act ("FLSA"), as amended, to redress and enjoin employment practices of Defendant in violation of that Act.

## VENUE

2.      Venue is proper in the Northern District of Texas pursuant to Title 28 U.S.C. §1391(b) and (c) and Title 29 U.S.C. § 206 *et seq.*, because the Defendant resides and is doing business in this District and the unlawful practices described herein occurred in this District.

## NATURE OF CASE

3.      Plaintiffs seek relief on a collective basis challenging the unlawful business practices of Defendant.  Defendant has failed and refused, and continues to fail and refuse, to properly compensate persons they employ as non-exempt, non-attorney employees for any and all hours worked by such employees in excess of forty (40) hours per workweek.

   a.   Defendant is in the business of operating a private law firm and providing legal services to clients.  To support the law firm's lawyers, Defendant employs a staff of nonexempt, non-attorney employees.

   b.   Defendant has not, and does not, properly pay its non-exempt, non-attorney employees any overtime pay for the hours worked in excess of forty (40) hours in a workweek, as required by the FLSA.

   c.   Plaintiffs' FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216 (b), as an "opt-in" collective action (hereinafter, "the Collective Action").  The Collective Action is brought on behalf of all persons who have been, are and/or will be employed by Defendant in non-exempt, non-attorney positions at any time during the time period July 13, 2007 to the present (hereinafter, "the FLSA Employees").  The Collective Action seeks to (i) recover unpaid overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

## **PARTIES**

4.  **FLSA Employees.** The Collective Action is maintained under 29 U.S.C. § 216(b) on behalf of all past, present, and future employees of Defendant who have been, are and/or will be employed as non-exempt, non-attorney employees at any time during the time period November 6, 2016, to the present.

5.  **Plaintiffs.** Tramaine Francis-Luster and Terena Hodge are female citizens of the United States, both are residents of Tarrant County, Texas, and both were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206-207. Plaintiff Tramaine was employed by Defendant as a paralegal in Dallas, Texas from approximately September 2017 through December 2018. Plaintiff Hodge was employed by Defendant as a paralegal in Dallas, Texas from approximately September 2017 through January 2019. During their employment with Defendant, Plaintiffs, like other persons employed as non-exempt, non-attorney employees, regularly worked in excess of forty (40) hours in a workweek and were not paid overtime wages at a rate of at least one and one-half times their regular hourly rate for any and all hours worked in excess of forty (40), as required under the FLSA. Plaintiffs have been injured by the illegal practices and conduct alleged in this Complaint. Plaintiffs' claims under the FLSA are similar to and typical of the claims of the FLSA Employees. The consent of plaintiff Francis-Luster and plaintiff Terena Hodge is attached to this Complaint.

6.  **Defendant.** Kelley Law Firm, P.C. is a private law firm which does business in the State of Texas and within this District. Defendant may be served with process by serving its president Kevin L. Kelley, at Defendant's principle place of business, 201 N Harwood St, Dallas, Texas 75201, or its registered service agent, Kevin L. Kelley, 2614 Main Street

Dallas, Texas 75226, or wherever he may be found. Kelley Law Firm, P.C. is an employer with respect to both Plaintiffs.

## FACTUAL BACKGROUND

7.	Plaintiffs and the FLSA Employees regularly work(ed) more than forty hours per week. Defendant, however, has failed and refused to pay Plaintiffs and the FLSA Employees at a rate of at least one and one-half times their regular hourly rate for any hours worked in excess of forty (40) in any workweek.

8.	Defendant knows, or should know, that its policies and practices violate the FLSA. It is a law firm and can easily review the FLSA regulations. Defendant is not even arguably exempt from paying Plaintiffs and the FLSA Employees overtime for working more than forty (40) hours per week.

9.	During the liability period, Defendant has not employed Plaintiffs or any of the FLSA Employees in bona fide executive positions.

10.	During the liability period, Defendant has not employed Plaintiffs or any of the FLSA Employees as bona fide administrative employees.

11.	During the liability period, Defendant has not employed Plaintiffs or any of the FLSA Employees in bona fide professional positions.

## COLLECTIVE ACTION ALLEGATIONS

12.	Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claim, stated in Count I below, as a collective action on behalf of all persons who were, are and/or will be employed by Defendant in non-exempt, non-attorney positions at any time during the time period

November 6, 2016, to the present.  Plaintiffs and the FLSA Employees are similarly situated and are/were subject to Defendant's firm-wide policy of failing and refusing to pay overtime.

**COUNT I - FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF**
**United States Code, Section 207(a)(1)**

13. Plaintiffs re-allege the information contained in Paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

14. Defendant has engaged in a general practice of failing to pay overtime compensation to Plaintiffs and the FLSA Employees.

15. Defendant's failure to compensate current and former non-exempt employees for overtime violates the overtime compensation requirements of the FLSA, 29 U.S.C. § 207(a)(1). 1

16. Defendant knew, had reason to know, or recklessly disregarded that its failure to pay overtime compensation to Plaintiffs and the FLSA Employees for all hours worked in excess of forty (40) hours in any workweek constituted a violation of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207(a)(1).  Such violation is willful under the FLSA, 29 U.S.C.§ 216 (b).

17. By reason of Defendant's failure to pay Plaintiffs and the FLSA Employees for overtime as required by the FLSA, Plaintiff and the FLSA Employees are entitled to recover all amounts owing under the FLSA, including all unpaid wages, liquidated damages in an amount equal to the unpaid overtime compensation, and such legal and equitable relief as may be appropriate, as provided in 29 U.S.C. §§ 215(a), 216(b) and 217, along with reasonable attorneys' fees and costs of this action, as provided in 29 U.S.C.§ 216(b).

18. As a result of Defendant's unlawful actions, Plaintiffs have suffered actual damages in the form of lost wages and benefits.

19. Plaintiffs sue for liquidated damages under 29 U.S.C. § 216(b).

20. Plaintiffs also seek attorney's fees, and costs of suit under 29 U.S.C. § 216(b).

#

## JURY DEMAND

21. Plaintiffs hereby seek a trial by jury on all causes of action and defenses alleged in this matter which may be properly tried to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs asks that Defendant be cited to appear and answer and, upon trial on the merits, that the Court award the following:

### Collective Remedies

a. That collective action opt-in procedures be adopted with respect to the collective claims asserted under the Fair Labor Standards Act.

b. That the practices of Defendant complained of herein be adjudged, decreed and declared to be violative of the rights of Plaintiffs and the FLSA Employees under the FLSA, 29 U.S.C. § 206 *et seq.*

c. That judgment be entered in favor of Plaintiffs and the FLSA Employees against Defendant for all unpaid overtime compensation and additional equal amounts as liquidated damages.

d. That the Court order Defendant to pay counsel for the Plaintiffs and the FLSA

Employees their reasonable attorneys' fees and the costs and expenses of this action.

  e. That Plaintiffs and the FLSA Employees be awarded post-judgment and prejudgment interest, and such other and further relief as may be found appropriate, just and/or equitable.

Dated: November 13, 2019

              Respectfully submitted,

              s/ N. Sue Allen
              N. Sue Allen
              Texas Bar No. 00791992
              4701 Altamesa Blvd, Suite 2R
              Fort Worth, Texas 76133
              E-Mail: sue@sueallenlaw.com
              Tel.: (817) 926-5005
              Fax.: (817) 926-5165