IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRAMAINE FRANCIS-LUSTER and** | § | |
| **TERENA HODGE** on behalf of themselves | § | |
| and on behalf of other similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-2708-L-BK** |
| | § | |
| **KELLEY LAW FIRM, P.C.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiffs' "Motion to Certify as a Collective [Action] and Authorizing § 216(b) Notice to Potential Plaintiffs, or, in the Alternative, Expedited Discovery" (Doc. 15), filed April 2, 2021.  On February 10, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 21) was entered, recommending that the court grant Plaintiffs' Motion to Certify as a Collective and Authorizing § 216(b) Notice to Potential Plaintiffs ("Motion to Certify").  In addition, the Report recommends: "No later than 14 days from the district judge's acceptance of this Recommendation, Defendant should file with the Court its objections to Plaintiffs' proposed Notice and a proposal of its own."  Report 10-11.

On February 23, 2022, Defendant filed objections to the Report and again relies upon the Declaration of Kevin Kelley, which details the reasons for various paralegals resigning or being terminated.  Mr. Kelley further expresses the opinion that most paralegals who worked for the Kelley Law Firm were able to complete their daily job duties without incurring overtime and were free to ask for help if needed.  Mr. Kelley states that none of the paralegals who have joined this action as Plaintiffs ever complained about working overtime hours for which they were not

compensated.  For the first time in its objections, Defendant also contends that Plaintiffs' proposed

period for the class is overly broad to the extent it reaches back to April 2017 and extends beyond

2018 because: (1) Plaintiffs' Complaint was filed in November 2019; and (2) "[a]t the end of 2018,

. . . [the Kelley Law Firm] implemented new policies and systems regarding time tracking and

overtime," and "[m]ost of the time period covered by Plaintiff[s'] proposed Notice is *after* 2018."

Def.'s Obj. 3-4.

It is within a district court's discretion to consider evidence offered for the first time in an

objection to a magistrate judge's findings and conclusions.  The Fifth Circuit has identified several

factors to consider in exercising this discretion, including:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the
> importance of the omitted evidence to the moving party's case; (3) whether the
> evidence was previously available to the non-moving party when it responded to
> the summary judgment motion; and (4) the likelihood of unfair prejudice to the
> non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co*., 322 F.3d 847, 862 (5th Cir. 2003) (citing

*Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).  Legal arguments, on the other

hand, that are raised for the first time are waived.  *Freeman*, 142 F.3d at 851 (citing *Cupit v.

Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)).

Defendant does not address these factors in its objections or explain its reasons for not

presenting its arguments or evidence regarding its new policies and systems to the magistrate

judge, and its assertion in this regard is not supported by any citation to evidence.  Its new

contention that November 2017, rather than April 2017,[1] is the correct two-year "look back period"

is a legal argument that appears to be based on the applicable statute of limitations for Fair Labor

---

[1] Plaintiffs' Amended Complaint alleges that the applicable period is November 13, 2017, to present.  Their Motion
to Certify requests the issuance of a notice to potential plaintiffs employed by Defendant from August 2017 to present.
No mention is made in either to April 2017.

**Order – Page 2**

Standards Act ("FLSA") claims.[2]  Even if not waived for purposes of Plaintiffs' Motion to Certify, any such contention based on this affirmative defense is more appropriately addressed in a dispositive motion, rather than in response to a motion for certification, as it is not material to the court's determination of whether to certify and allow this action to proceed as a collective action. Finally, as correctly noted by the magistrate judge, the reasons for Plaintiffs' terminations or resignations are not relevant to whether Defendant unlawfully withheld overtime pay. Defendant's objections are, therefore, for **overruled**.

Having considered Plaintiffs' "Motion to Certify as a Collective [Action] and Authorizing § 216(b) Notice to Potential Plaintiffs, or, in the Alternative, Expedited Discovery" (Doc. 15), the parties' briefs, the pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiffs' Motion to Certify and **denies as moot** Plaintiffs' alternative request to conduct discovery on an expedited basis to support its Motion to Certify (Doc. 15). Unless the deadline is extended by the magistrate judge, Defendant shall file any objections it may have to Plaintiffs' proposed Notice and/or a proposal of its own by **March 11, 2022**.

---

[2] Generally, the statute of limitations on Fair Labor Standards Act ("FLSA") claims is two years, but the FLSA provides a three-year limitations period for willful violations such as those alleged by Plaintiffs in this case. *See* 29 U.S.C. § 255(a). The limitations period also "continues to run as to all similarly situated employees *until they opt into the collective action.*" *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011) (emphasis added). Other than the named Plaintiffs, no other employee of Defendant is a member of the collective action until that employee files a written consent with the court. 29 U.S.C. § 257; *see Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984). Thus, the statute of limitations continues to run as to all similarly situated employees until the written consent is filed. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) (explaining that, "in a FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date.") (citing *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)).  Accordingly, Defendant's contention regarding the "look back period" period based on the date this action was filed is incorrect.

**Order – Page 3**

**It is so ordered** this 25th day of February, 2022.

Sam A. Lindsay
United States District Judge