IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAMAINE FRANCIS-LUSTER, ET AL., | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2708-L-BK |
| | § | |
| KELLEY LAW FIRM, P.C., | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 19, this case has been referred to the undersigned United States magistrate judge for pretrial management. For the reasons detailed here, *Plaintiffs' First Amended Complaint and Jury Demand*, Doc. 14, should be **DISMISSED WITH PREJUDICE** as to Plaintiff LaDrina Jones' claims.[1]

**I. BACKGROUND**

In November 2019, Plaintiffs sued Defendant, their former employer, alleging unpaid overtime wage violations of the Fair Labor Standards Act ("FLSA") that occurred in 2017. Doc. 14 at 2-3; Doc. 16 at 11. In February 2023, the undersigned ordered the parties to personally appear for a settlement conference the following month. Doc. 35 at 2. The in-person requirement stemmed from the Court's experience that parties not personally present generally

---

[1] The remaining co-Plaintiffs, Tramaine Francis-Luster and Terena Hodge, reached an agreement to settle their respective claims against Defendant at the settlement conference conducted by the undersigned on September 20, 2023. *See* Doc. 49.

fail to "appreciate the process and the reasons that may justify a change in one's perspective toward settlement." Doc. 35 at 2. Yet Plaintiff did not personally appear.

In August 2023, at the parties' request, the undersigned issued an order scheduling a second settlement conference for September 20, 2023, and again requiring the parties to personally appear. Doc. 43 at 2. Although all other parties appeared as directed, Plaintiff Jones once again failed to do so. Doc. 49. Plaintiff's counsel represented to the Court that Plaintiff Jones, like the other Plaintiffs, was advised of the date, time, and place of both settlement conferences, as well as her obligation to appear at each. Doc. 50 at 1.

Following Plaintiff Jones' failure to appear on September 20, 2023, the Court issued an Order instructing her to personally appear before the undersigned on September 27, 2023, and show cause why her claim should not be dismissed due to her failure to follow the Court's orders. Doc. 50 at 1. Plaintiff Jones was also warned that "her failure to appear would likely result in the Court dismissing her claims without further notice." Doc. 50 at 1. Plaintiffs' counsel attended the hearing, however, Plaintiff Jones again failed to appear. Doc. 51.

**II. APPLICABLE LAW**

Courts may dismiss a civil action *sua sponte* for failure to prosecute or failure to comply with the federal rules or any court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). However, where, as here, the statute of limitations has run on the party's claim,

dismissal without prejudice operates as dismissal with prejudice. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981).

Nevertheless, a Rule 41(b) dismissal *with prejudice* is appropriate upon a clear record of delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citation omitted). Generally, the Court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct, to warrant dismissal with prejudice. *Id.* Here, the balance of these factors favor dismissal in this case without regard to Plaintiff Jones's inability to reassert her claims going forward.

### III. ANALYSIS

Because the alleged FLSA violations underlying Plaintiff Jones's claim occurred in 2017, any applicable limitations period has passed. Doc. 14 at 2-3; Doc. 16 at 11. Though a two-year statute of limitations typically applies to FLSA claims for unpaid overtime wages, the limitations period is extended to three years for "willful" violations. *Ramos v. Al-Bataineh*, 599 F. App'x 548, 551 (5th Cir. 2015) (citing 29 U.S.C. § 255(a)). Thus, at the latest, the limitations period expired in 2020 on Plaintiff Jones's claims, so any dismissal will operate as one with prejudice and bar Plaintiff Jones from reasserting her claims again. *See Yates*, 644 F.2d at 505. That notwithstanding, dismissal of Plaintiff Jones's claims under Rule 41(b) is warranted given her clear record of delay and contumacious conduct.

As outlined *supra*, Plaintiff Jones was thrice ordered to personally appear, and thrice she impliedly refused or declined to do so. Plaintiff Jones alone bears the blame for her absences, as her counsel advised her of her obligation to personally appear at both settlement conferences and

the show cause hearing, and she chose not to. Notably, Plaintiff Jones has made no attempt to excuse her absences. Also, because this case has been pending since 2019, the actual prejudice to Defendant caused by further delay outweighs Plaintiff's interest in a decision on the merits. Lastly, Plaintiff's unexcused non-compliance with three court orders constitutes "intentional misconduct." At bottom, no lesser sanction would encourage Plaintiff to diligently prosecute her case.

### IV. CONCLUSION

For the foregoing reasons, *Plaintiffs' First Amended Complaint and Jury Demand*, Doc. 14, should be **DISMISSED WITHOUT PREJUDICE** as to Plaintiff LaDrina Jones' claims.

**SO RECOMMENDED** on October 3, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).