IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRAMAINE FRANCIS-LUSTER, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-2708-L-BK** |
| | § | |
| **KELLEY LAW FIRM, P.C.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 52) was entered on October 3, 2023, recommending that Plaintiffs Tramaine Francis-Luster, Terena Hodge, and LaDrina Jones's (collectively, "Plaintiffs") First Amended Complaint and Jury Demand (Doc. 14) should be **dismissed with prejudice** as to Plaintiff LaDrina Jones's ("Plaintiff Jones") claims pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute her claims or follow an order of the court. For the below stated reasons, the court **accepts** the Report and **dismisses with prejudice** Plaintiff Jones's claims.

In November 2019, Plaintiffs brought this Fair Labor Standards Act ("FLSA") suit against their former employer, Defendant Kelley Law Firm, P.C ("Defendant"), alleging unpaid overtime wage violations. Doc. 14 at 2-3. In July 2021, the court entered a Standing Order of Reference referring the case to the magistrate judge for pretrial management. Doc. 20. In February 2023, the magistrate judge ordered Plaintiffs to personally appear for a settlement conference on March 24, 2023. Doc. 35. Plaintiffs' counsel, Plaintiff Francis-Luster, and Plaintiff Hodge all appeared for the settlement conference as ordered; however, Plaintiff Jones failed to appear. Doc. 37. On September 20, 2023, the magistrate judge held a second in-person settlement conference—despite

**Order – Page 1**

the court's order requiring the parties to personally appear, *see* Doc. 43, and Plaintiff Jones's attorney advising her of the date, time, location, and her obligation to appear—Plaintiff Jones again failed to appear.[*]

In response to Plaintiff Jones's second failure to appear, the magistrate judge issued a Show Cause Order (Doc. 50), ordering her to personally appear in front of the magistrate judge on September 27 and "show cause why her claim should not be dismissed due to her failure to follow the [c]ourt's order." Doc. 50 at 1. The magistrate judge also warned Plaintiff Jones that "her failure to appear would likely result in the [c]ourt dismissing her claims without further notice." Doc. 50 at 1. Plaintiff Jones's counsel attended the hearing; however, Plaintiff Jones again failed to appear. Doc. 51. The magistrate judge then entered the Report recommending dismissal with prejudice. Plaintiff Jones has not filed any objections to the Report.

Having considered the Amended Complaint, Report, file, record, and relevant law, the court determines that the magistrate judge's finding and conclusions in the Report are correct and **accepts** them as those of the court. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for a party's failure to prosecute or comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (footnote and citation omitted). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or

---

[*] At the second settlement conference, co-Plaintiffs Francis-Luster and Hodge reached an agreement to settle their respective claims against Defendant. *See* Doc. 49.

**Order – Page 2**

contumaciousness and the record reflects that the [] court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d at 880 (footnote and citation omitted). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

Here, Plaintiff Jones failed to appear on three separate occasions despite the court's orders to do so. Plaintiff Jones has offered no explanation or excuse as to her failures to appear. Plainitff Jones is solely to blame for her failures to appear. The magistrate judge explicitly warned Plaintiff Jones that her failure to appear at the show cause hearing may result in dismissal with prejudice of her claims. Despite this warning, Plaintiff Jones did not appear for her show cause hearing and has not made any attempts to contact the court. The magistrate judge also filed this Report over a month ago, and Plaintiff Jones did not file any objections. Accordingly, the court **dismisses with prejudice** Plaintiff Jones's claims and this action against Defendant for failure to prosecute or comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff Jones may challenge this certification but she must pay the $505 appellate filing fee or submit a motion to proceed *in*

**Order – Page 3**

*forma pauperis* with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

    **It is so ordered** this 7th day of November, 2023.

                                                                        _____
                                                                         Sam A. Lindsay
                                                                         United States District Judge

**Order – Page 4**