IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAMAINE FRANCIS-LUSTER and TERENA HODGE on behalf of themselves and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KELLEY LAW FIRM, P.C.,<br><br>Defendant. | §§§§§§§§§§§§§   CIVIL ACTION NO. 3:19-CV-02708-L |

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND BRIEF IN SUPPORT

Plaintiffs moves the Court to enforce summarily the settlement agreement between them and Defendant Kelley Law Firm. In support of this Motion, Plaintiff would show the following:

### FACTUAL SUPPORT

1. The parties submitted their dispute a second time to a Court conducted Settlement conference on September 20, 2023. The case settled and a memorandum of understanding was entered into by the Parties which provided: Defendant would pay settlement proceeds in exchange for Plaintiffs full release and confidentiality clause (a "CSAR"). (Exhibit 1 – 9.20.23 email)

2. On October 6, 2023, Plaintiffs' counsel requested that Defendant's counsel forward a draft CSAR which was provided on October 9, 2023. (Exhibit 2- emails – 10.6.23 and 10.9.23).

3. On October 13, 2023, plaintiff's counsel sent an email with minor revisions to CSAR- substituting confidentiality clause drafted and agreed to by defense and plaintiff's employment bar of the Dallas Bar Association, defining effective date of CSAR as eight (8) days after

plaintiffs provided executed CSARs to defendant, specifying that tax withholdings would be based on plaintiff's W-4 in defendant's files and requiring payment seven (7) days after the effective date of the agreement (by which time defendant would have been in possession of CSARs executed by plaintiffs for fifteen (15) days. (Exhibit 3- email -10.13.23)

4. Defendant did not respond to the plaintiffs' counsel's October 13, email. On October 20, 2023, plaintiffs delivered CSAR's by facsimile and via email to defendant. (Exhibit 4 – Letter dated October 20, 2023, with CSAR's attached.)

5. Defendant did not respond to plaintiff's October 20, 2023, letter, with the executed CSAR's. However, defendant also did not pay the settlement. Therefore, on November 4, 2023, plaintiff's counsel emailed and called defendants counsel to confer regarding whether settlement proceeds would be paid or if a Motion to Enforce was requried.

6. Defendant's counsel asked plaintiff's counsel to defer filing which she did, but no resolution was reached. However, Defendant did send an email agreeing to all of the minor revisions, but stating that because of the amount of the settlement it needed time and also that it needed to pay the settlement proceeds in two installments – half thirty (30) days after Plaintiffs signed a new CSAR and the other half their (30) days after that. As the Court will recall, defendant boasted that it had a successful plaintiff's personal injury firm and paying the settlement was not an issue. Defendant's firm perhaps has fallen on hard times or, more likely, defendant is thumbing its nose at plaintiffs, plaintiff's counsel, and the Court.

7. The September 20, 2023, settlement agreement arrived at after a full day of negotiating on that date is unambiguous and plaintiffs have fully complied with their obligations. Defendant has been in possession of CSARs executed by all three plaintiffs since October 20, 2023, it has not executed the CSARs nor paid a dime.

8. Because defendant's inaction and silence that it has no intention of complying with the September 20, 2023, settlement, plaintiffs move the Court for an Order enforcing the agreement. Plaintiffs also ask the

---

**PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**                                        Page 2

Court to award plaintiff's attorney fees which have been incurred to bring this Motion to Enforce unless defendant can show good cause for its failure to comply with the Agreement..

.

## ARGUMENT AND AUTHORITIES

Courts have "the power to enforce summarily a settlement agreement reached in a case pending before it." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Enforcement of a settlement agreement of federal claims is governed by federal law, not state law. *Macktal v. Secretary of Labor*, 923 F.2d 1150, 1157 n. 32 (5th Cir. 1991); *Mid-South Towing*, 733 F.2d at 389. Federal law is clear that a party cannot agree to a settlement and then attempt to repudiate it when presented with formal settlement papers. *Fulgence v. J. Ray McDermott& Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (once a party authorizes a settlement, "that party remains bound by the terms of the agreement" and cannot "change[]his mind when presented with the settlement documents"); *Weaver v. World Finance Corp. of Texas*, 2010 WL1904561, at *2 (N.D. Tex. May 12, 2010) ("A district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement."). Federal law is also clear that settlement agreements need not be reduced to writing. *Quesada v. Napolitano*, 701 F.3d 1080, 1084 n. 10 (5th Cir. 2012); *Harmon v. Journal Pub. Co.*, 476 F. App'x 756, 757 (5th Cir. 2012). It does not matter that defendant has not sign the formal settlement

agreement. Settlement agreements do not have to be formalized in writing to be enforceable. *Quesada*, 701 F.3d at 1084.

The Court can and should enforce the settlement agreement and require defendant Kelley Law Firm to sign the agreement and/or pay the settlement proceeds. The Court would be within its authority to order Kelley Law Firm to sign. If the Court is not inclined to do so, the parties are still bound by the terms of their agreement, which contemplates that upon receipt of a complete release of claims against Keley Law Firm and related persons and entities, plaintiffs are entitled to payment. The Court should enter an order requiring defendant Kelley Law Firm to make immediate payment of the entire settlement amount. In addition, plaintiffs request that the Court award its counsel reasonable and necessary attorney fees incurred in bringing this Motion to Enforce.

## CONCLUSION

Plaintiffs ask the Court to enforce the parties' settlement agreement and dismiss this case with prejudice.

Respectfully submitted,

*/s/ N. Sue Allen*_____
**N. SUE ALLEN**

**ALLEN LAW FIRM**
Texas Bar No. 00791992
sue@sueallenlaw.com
1345 FM 1187, Suite 113
Mansfield, Texas 76063
(817) 926-5005
(817) 926-5165

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that on this, the 8th day of December 2023, a true and correct copy of the above and foregoing document was served on Plaintiffs' counsel by operation of the Court's Electronic Filing System in accordance with the Federal Rules of Civil Procedure.

*/s/ N. Sue Allen*_____
**N. SUE ALLEN**